

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD ALLEN SMITH, JR.,**

Petitioner,

v.                                             Civil action no. 2:04CV50
                                                Criminal action no. 2:00CR7
                                                (Judge Stamp)

**UNITED STATES OF AMERICA,**

Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On August 2, 2004, the *pro se* petitioner, an inmate at USP-Beaumont filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on August 13, 2004, the Court directed the respondent to answer the motion. On September 9, 2004, the respondent filed Response of United States to Petitioner's Motion Made Pursuant to Title 28, United States Code, Section 2255. On February 8, 2005, the petitioner filed Petitioner Request That This Motion be Construed as a Motion to Amend Under Rule 15(c).

This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

**A. Conviction**

On May 11, 2001, the petitioner was found guilty by a jury for the Northern District of West Virginia of the following 8 counts: conspiracy to distribute a controlled substance (Count 1); convicted felon in possession of a firearm (Counts 5 and 44); aiding and abetting the use, carry,



brandish a firearm in relation to a drug trafficking offense (Counts 39 and 46); distribution of crack cocaine (Counts 40 and 41); and aiding and abetting assaulting, resisting, and impeding an officer (Count 45).

B. <u>Sentencing</u>

On March 14, 2002, the Court sentenced the petitioner to 262 months incarceration on Counts 1, 40 and 41; 120 months on Counts 5 & 44, 36 months on Count 45 to all run concurrently; 84 months on Count 39 to run consecutively to the sentences imposed on Counts 1, 5, 40, 41, 44, and 45, and 300 months on Count 46 to run consecutively to the sentences imposed on Counts 39 and all other counts for a total sentence of 646 months imprisonment.

C. <u>Appeal</u>

The petitioner filed an appeal. On appeal, the petitioner raised the following claims: "(1) that the district court erroneously failed to grant his motion for a new trial on his convictions for Counts 39, 45, and 46; (2) that the district court erroneously precluded him from fully cross-examining government witnesses from the West Virginia State Police Laboratory about alleged mishandling of evidence at the lab; and (3) that the jury was improperly empaneled so as to deny him the Sixth Amendment guarantee of a 'fair cross-section' of the community."

By decision dated November 26, 2002, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence. <u>United States v. Smith</u>, 51 Fed.Appx. 415, 2002 WL 31655170 (4th Cir. 2002). The petitioner then filed a petition for writ of certiorari with the United States Supreme Court. The petition was denied on October 6, 2003.

D. <u>Federal Habeas Corpus</u>

In his motion, the petitioner raises the following grounds:

2

(1) Ineffective Counsel.

(2) The Grand Jury never gave court certification of jurisdiction.

(3) Actual innocence of unconstitutional sentences on Counts 1, 40 and 41.

(4) State sentence violates Blakely v. Washington.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel.

The petitioner asserts that his attorney was ineffective because he (1) failed to object under Rule 6(f) and failed to challenge the accuracy of the record and failed to request certification as to how 12 grand jurors voted on the initial indictment, the first superceding indictment and the second superceding indictment; (2) failed to file a motion to suppress search under the Fourth Amendment for defective and invalid search warrant; (3) failed to investigate his state case (case no. 92-F-12); (4) failed to challenge defects in the indictment regarding Count 1 of the superceding indictment; (5) failed to object to the special interrogatories given to the jury on Counts 40 and 41 when the indictment listed specific amounts; (6) failed to object to sentence being given and/or considered as to Counts 40 and 41; (7) failed to investigate into state troopers being deputized[1]; (8) failed to file pre-trial motions to dismiss counts 39, 45, and 46 under Bailey's use and carrying prongs.

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

---

[1] The petitioner also sets forth a claim called Fraud Upon the Court which appears to be a re-iteration of his claim that the state troopers were not properly deputized.

3

defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

The proper standard for attorney performance is that of reasonably effective assistance. Id. In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. at 694. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F. 2d 1226 (4th Cir. 1985), cert. denied, 478 U.S. 1007 (1986).

The undersigned has addressed each of the petitioner's claims of ineffective assistance of counsel in turn.

### 1. Grand Jury

The petitioner asserts that his attorney was ineffective for failing to request certification as to how the grand jurors voted and that the record does not reveal the indictment was received in open court.

Rule 6(c) of the Federal Rules of Criminal Procedure provides as follows:

(c) Foreperson and Deputy Foreperson. The court will appoint one juror as the foreperson and another as the deputy foreperson. In the foreperson's absence, the deputy foreperson will act as the foreperson. The foreperson may administer oaths and affirmations and will sign all indictments. The foreperson--or another juror designated by the foreperson--will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders.

Thus, the vote of the grand jury is not automatically made part of the record. Id. The petitioner has provided no evidence that there was any need for his attorney to move that the grand juror's vote become part of the record.

Furthermore, Rule 6(e) provides for the secrecy of matters occurring before the grand jury. "The aim of the rule is to prevent disclosure of the way in which information was presented to the grand jury, the specific questions and inquiries of the grand jury, the deliberations and vote of the grand jury, the targets upon which the grand jury's suspicion focuses, and specific details of what took place before the grand jury." In re Grand Jury Investigation of Ven-Fuel, 441 F.Supp. 1299, 1302-1303 (D.C.Fla. 1977). See also, United States v. Vaughn, 510 F. Supp. 206 (D. NJ. 1981)(A defendant is not entitled to the names of the grand jury or their attendance and vote tally sheets).

Thus, the petitioner's attorney was not ineffective for failing to request a certification of the votes.

Additionally, the petitioner also asserts that his attorney was ineffective for filing to object to the indictment not being returned in open court in violation of Rule 6(f). This section provides as follows:

> **(f) Indictment and Return.** A grand jury may indict only if at least 12 jurors concur. The grand jury--or its foreperson or deputy foreperson--must return the indictment to a magistrate judge in open court. If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.

The petitioner has failed to offer any factual allegations which show that the indictment was returned in violation of Rule 6(f) of the Federal Rules of Criminal Procedure. Thus, this claim is inadequately pled.

## 2. Search Warrant

The petitioner asserts that the search was invalid and violated the Fourth Amendment because the warrant, which was issued by the Circuit Court of Mineral County, was to be executed within the months of June to September 21, 1999, but was not executed until September 22, 1999. The

petitioner also alleges that the signature of the circuit court judge was forged and that his counsel was ineffective for failing to challenge the validity of the search warrant and for failing to request a transcript of such hearing.

First, as noted by the respondent, the search warrant does not indicate that it was to be executed before September 22, 1999. Further, there was no transcript for his attorney to request regarding the conversations that took place with the judge in obtaining the search warrant. Additionally, the petitioner has offered absolutely no evidence to support his allegation that the judge's signature was forged. Thus, this claim is without merit.

### 3. Failure to Investigate State Case

The petitioner asserts that his attorney was ineffective for failing to investigate his prior state conviction being considered as a prior felony. The petitioner asserts that while the State court initially sentenced him to one year and one day in case no. 92-F-12, the state court granted his Motion for Reconsideration and re-sentenced him to 8 months of community service. According to the petitioner, the re-sentencing meant that he could not be subject to a §922(g) charge.

The record reveals that the petitioner was convicted in the Circuit Court of Mineral County, West Virginia of one count of delivery of a controlled substance, a felony. He was sentenced to one to five years of imprisonment. The fact that the sentence was later reduced does not change the characterization of the conviction as a felony and the petitioner be subject to a §922(g) charge.

18 U.S.C § 922(g)(1) provides as follows:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .

6

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Pursuant to 18 U.S.C. §921(20) the term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

There is no evidence that the petitioner's prior state conviction is not included in the term "crime punishable by imprisonment for a term exceeding one year." The state sentencing order classified the petitioner's offense as a felony which is subject to a term of imprisonment of 1-5 years. There is no evidence that the petitioner's prior state conviction is no longer a felony. Thus, this claim is without merit.

### 4. Failure to Challenge Defective Indictment

The petitioner alleges that his attorney was ineffective because he failed to challenge the fact that Count 1 of the second superceding indictment did not set forth the statutory penalty as required by Apprendi v. New Jersey, 530 U.S. 466 (2000).

A second superceding indictment was issued in which Count 1 provided as follows:

From beginning at least 1996, the exact date being unknown to the Grand Jury, and

7

continuing to on or about the date of this Indictment, in the Northern Judicial District of West Virginia, and elsewhere, defendants Richard Allen Smith, Jr. a/k/a/ Smitty, ... did knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to violate Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(iii). It was a purpose and object of the conspiracy knowingly and intentionally to possess with intent to distribute and to distribute cocaine hydrochloride, also known as "coke" and cocaine base also known as "crack," a Schedule II, narcotic drug-controlled substance, as designated by Title 21, United States Code, Section 812(c), Schedule II (a)(4); in violation of Title 21, United States Code, Section 846.

The indictment does not violate <u>Apprendi</u>. The United States Supreme Court held in <u>Apprendi</u> that any factor other than prior convictions which increased the defendant's sentence beyond the statutory maximum must be submitted to the jury. <u>Id.</u>; See also <u>United States v. Angle</u>, 254 F.3d 514 (4th Cir. 2001)(If the Government seeks enhanced penalties under 21 U.S.C. §841(b)(1)(A) or (B) the quantity must be set forth in the indictment). The fact that the specific quantity of drugs for which he was sentenced was not set forth in the indictment does not render the indictment invalid. See <u>United States v. Cotton</u>, 535 U.S. 625 (2002); <u>United States v. Angle</u>, 254 F.3d 514 (4th Cir. 2001). See also <u>United States v. Promise</u>, 255 F.3d 150 (4th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1098 2002)(holding that in order to sentence the defendant above the statutory maximum, <u>Apprendi</u> requires the specific threshold drug quantity must be treated as an element of an aggravated drug trafficking offense under 21 U.S.C. §841, i.e. charged in the indictment and proved to the jury beyond a reasonable doubt).

Here, the jury answered a special interrogatory in which it found that the petitioner was guilty of conspiracy to possess with the intent to distribute and to distribute in excess of fifty grams of cocaine base, also known as "crack." Further, the statutory maximum sentence under

§841(b)(1)(A) is life, and the petitioner was sentenced below the statutory maximum. Thus, the petitioner's counsel was not ineffective for failing to object to the indictment.

### 5. Failure to Object to the Special Interrogatories as to Counts 40 and 41.

The petitioner alleges that the use of the special interrogatories regarding Counts 40 and 41 constitutes a constructive amendment of the indictment. However, the Court did not give the jury special interrogatories on these counts. Thus, this claim is without merit.

### 6. Failure to Object to Sentence Given for Counts 40 and 41.

The petitioner asserts that his attorney should have objected to the fact that the Court sentenced him beyond the amounts alleged in Counts 40 and 41 of the indictment. The respondent asserts that the drug amounts charged in the indictment were based on controlled purchases from the petitioner and supported by laboratory reports. The respondent argues that the petitioner's total drug relevant conduct was used to determine his sentence and that even if the probation officer had not included the amounts for Counts 40 and 41 there would have been no change in the petitioner's guideline calculation.

While the amount of relevant conduct differs from what is stated in the indictment, the sentencing court is provided "broad discretion" as to what information to credit in making its determinations. United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). For sentencing purposes, the district court is permitted to consider any relevant and reliable evidence before it to determine relevant conduct. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). The petitioner has not demonstrated that the amount of relevant conduct was unreliable. Thus, this claim is without merit.

### 7. **Failure to Investigate into State Troopers Alleged Being Deputized/Fraud Upon the Court**

In this case, the FBI deputized Trooper Robert Cooper and Sergeant Lucas of the West Virginia State Police to assist in the investigation of the petitioner's criminal activities. The deputies were provided with identification cards which recognized Trooper Cooper and Trooper Lucas as special deputies of the FBI. The petitioner first alleges that only the United States Attorney for the Northern District of West Virginia can deputize a state trooper for purposes of acting under the federal statutes.

The petitioner has provided no statutory or case law which reveals that only the United States Attorney for the Northern District of West Virginia can deputize a state trooper. 21 U.S.C. §878 addresses the use of local law enforcement by federal agencies and provides as follows:

**878. Powers of enforcement personnel**

(a) Any officer or employee of the Drug Enforcement Administration or any State or local law enforcement officer designated by the Attorney General may--

(1) carry firearms;
(2) execute and serve search warrants, arrest warrants, administrative inspection warrants, subpenas, and summonses issued under the authority of the United States;
(3) make arrests without warrant (A) for any offense against the United States committed in his presence, or (B) for any felony, cognizable under the laws of the United States, if he has probable cause to believe that the person to be arrested has committed or is committing a felony;
(4) make seizures of property pursuant to the provisions of this subchapter; and
(5) perform such other law enforcement duties as the Attorney General may designate.

(b) State and local law enforcement officers performing functions under this section shall not be deemed Federal employees and shall not be subject to provisions of law relating to Federal employees, except that such officers shall be subject to section 3374(c) of Title 5.

Therefore, the undersigned finds that the state policemen were properly deputized and there was no reason for his attorney to file an objection regarding the state policemen being made special deputies of the FBI.

The petitioner also asserts that the "government devised a scheme to provide a card that was fraudulent, and that the testimony given by the F.B.I. was also further product of this scheme devised by the prosecutors in this instant case to defraud this Honorable Court." However, the petitioner provides absolutely nothing to support his contentions. Thus, the petitioner's claim of fraud upon the court is insufficiently pled.

### 8. Failure to File Pre-Trial Motions to Dismiss Counts 39, 45, and 46 Under Bailey's Use and Carrying Prongs

The petitioner sets forth the following as his eighth claim of ineffective assistance of counsel: "Counsel was ineffective and deficient in his duties for failing to file pre-trial motions to dismiss counts 39, 45, and 46 under Bailey's use and carrying prongs." However, the petitioner failed to set forth any facts to support his claim.

Rule 2(c) of the Rules Governing §2255 cases in the United States District Court provides in pertinent part as follows:

> It shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Because the petitioner did not set forth any facts to support his claim, this claim is insufficiently pled and should be dismissed.

Consequently, for the above-stated reasons, the petitioner's claims of ineffective assistance of counsel are without merit.

## B. <u>Grand Jury</u>

The petitioner alleges in a separate claim that the grand jury did not return the superceding indictment in open court. As previously discussed when this issue was addressed regarding the petitioner's claim that his attorney was ineffective, the petitioner has failed to set forth any allegations which reveal that Rule 6(f) of the Federal Rules of Civil Procedure were violated. Thus, this claim is without merit.

## C. <u>Actual Innocence</u>

The petitioner asserts in a separate claim that he is actually innocent of the unconstitutional sentences in Counts 1, 40 and 41. The petitioner asserts that the jury only returned a general verdict regarding Count 1 as to 50 grams of cocaine base and failed to find a specific amount attributable to the petitioner. According to the petitioner, because there were 5 defendants, he was only responsible for 10 grams of cocaine base and 1 kilo of cocaine. Thus, he asserts he should have been sentenced to 70 months instead of 262 months on Count 1. The petitioner further asserts that the jury only returned a general verdict regarding Counts 40 and 41 and that he was only reasonable for the drug amount charged in the indictment.

However, the jury answered special interrogatories regarding the drug amount regarding Count 1. Further, as previously stated the court properly used relevant conduct in determining his sentence. Thus, this claim is without merit.

## D. <u>State Sentence violates Blakely v. Washington</u>

The petitioner asserts that his state felony conviction violates <u>Blakely v. Washington</u>, 124

S.Ct. 2531 (2004) because he never admitted to the amount of drugs that made him a felon in West Virginia. The petitioner requests a stay of this claim so he can seek relief of his State charges. The petitioner further asserts that the Government's use of his State conviction for purposes of a §922(g) conviction is constitutionally infirm.

However, the State of West Virginia has not determined that Blakely applies retroactively. Further, the state conviction was valid at the time the petitioner was charged with violating §922(g). Thus, this claim is without merit. Further, this claim should not be stayed pending a ruling by the State court on whether the petitioner is entitled to relief under Blakely.

### III. MOTION TO AMEND

On February 8, 2005, the petitioner filed Petitioner's Request that this Motion be Construed as a Motion to Amend Under Rule 15(c). The petitioner contends that his sentence is constitutionally invalid and in violation of his Sixth Amendment rights pursuant to United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005) The petitioner states that he is presenting his newly recognized rights under Booker, in a timely fashion pursuant to 28 U.S.C. §2255(3).

First, the undersigned recommends that the petitioner's motion to amend be granted. Second, the undersigned finds that the petitioner's Booker claims are not timely under 28 U.S.C. §2255(3).

28 U.S.C. §2255(3) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The undersigned finds that Booker does not apply retroactively to cases on collateral review.

13

Prior to deciding <u>Booker</u>, the Supreme Court decided <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004) which holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." <u>Blakely</u>, ___ U.S. ___, 124 S.Ct. at 2537 (citations omitted).

In <u>Booker</u>, the Supreme Court held that <u>Blakely</u> applies to federal sentencing guidelines. Specifically, in <u>Booker</u> the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in <u>Booker</u> applied to all cases on direct review, the Supreme Court did not address whether <u>Booker</u> applies retroactively to cases on collateral review.

However, years ago, the United States Supreme Court addressed the question of retroactivity regarding cases on collateral review, such as a §2255 motion, in <u>Teague v. Lane</u>, 489 U.S. 288 (1989). In <u>Teague</u>, the Court held that, absent exceptional circumstances, the general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Id.</u> at 310. A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petitioner of certiorari had elapsed." <u>Id.</u> at 295.

14

In the instant case, at the time the Supreme Court issued the Booker decision, the petitioner's conviction was final. Thus, the undersigned must determine whether Booker applies retroactively to the petitioner's §2255 motion. The undersigned finds that a decision from the Western District of Virginia, Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004), is instructive on the retroactivity issue. In Lilly, the district court addressed the retroactivity of Blakely and found that even if the Supreme Court held that the federal guidelines violated the Sixth Amendment, such ruling would not apply retroactively to cases on collateral review. In reaching this determination, the Lilly court stated as follows:

> In any case in which a petitioner wishes to make a claim based on a case decided by the Supreme Court after her conviction became final, the petitioner must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague at 308, 109 S.Ct. 1060 (noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule").
> In order to show that a Supreme Court decision announced a new rule, the petitioner must show that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." Id. at 301, 109 S.Ct. 1060. It seems clear from the reaction of the courts of appeals following Apprendi that it was not obvious that Apprendi required that sentencing enhancements, like those in the case at bar or in Blakely, must be found beyond a reasonable doubt by a jury. . . . It appears that this interpretation constitutes a new rule for purposes of determining retroactivity to cases on collateral review. Therefore, it becomes necessary to analyze this new rule under Teague.
> Once it has been determined that the Supreme Court announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, ___ U.S. ___, ___, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, see id., or show that the new rule is a "watershed rule[ ] of criminal procedure." Id. at 2523 (internal quotation reference omitted).
> In Summerlin, the Court found that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case that extended Apprendi to aggravating factors in capital cases, was a new procedural rule and was not retroactive. ___ U.S. at ___ 124 S.Ct. at 2526-27. A similar analysis dictates that Blakely announced a new procedural rule and is similarly non-retroactive.
> In determining if a rule is substantive, a court must look for evidence that the

rule "alters the range of conduct or the class of persons that the law punishes." Id. at 2523. The decision in Blakely did not change the type of conduct or the class of persons that the law punishes. Rather, the decision required either that a defendant admit or a jury find beyond a reasonable doubt all facts used to enhance a sentence above the statutory maximum. The procedure relating to how those facts were determined, a preponderance-of-the-evidence standard by a judge or a beyond-a-reasonable-doubt standard by a jury, is what was at issue in Blakely. Therefore, Blakely announced a new procedural rule.

\* \* \*

In a very narrow core of cases, a procedural rule can be retroactive. This exception to the normal Teague rule is very rare, only occurring for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." ___ U.S. at ___, 124 S.Ct. at 2524 (internal quotation reference omitted). Under Teague, this exception applies only "to those new procedures without which the likelihood of an accurate *conviction* is seriously diminished." Teague, 489 U.S. at 313, 109 S.Ct. 1060 (emphasis added). . . .

In Summerlin, the Court determined that the watershed question in Ring was "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." ___ U.S. at ___, 124 S.Ct. at 2525 (internal quotation reference omitted). The Supreme Court answered this question in the negative in its analysis of Ring. Id. The main difference between Ring and Blakely in this regard is the fact that Ring only dealt with the factfinder, while Blakely deals with both the factfinder and the standard of proof. Therefore, I must also determine whether or not the standard of proof in Blakely implicates the accuracy of the conviction impermissibly and thus requires retroactive application of the new rule to cases on collateral review.

The Supreme Court's determination that Ring is not retroactive is particularly instructive in analyzing Blakely because both Ring and Blakely are extensions of Apprendi. In fact, Ring and Apprendi are so closely related that Justice O'Connor opined that the Court's holding in Summerlin that Ring was not retroactive, applied even more strongly to Apprendi. See Blakely v. Washington, --- U.S. at ---, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This would harmonize the Supreme Court with the courts of appeals, all of which have previously found that Apprendi did not apply retroactively to cases on collateral review. [footnote omitted]

\*\*\*

The Supreme Court has noted that the watershed exception is an extremely narrow one. The Court stated that because "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Graham v. Collins, 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation reference omitted). In fact, the Supreme Court has not found a rule to be retroactive since the

Court decided Teague in 1989. See United States v. Mandanici, 205 F.3d 519, 529 (2d Cir.2000) (citing eleven examples of new rules or proposed new rules in which the Supreme Court declined to find retroactivity).   For these reasons, I find that Blakely is a new procedural rule that does not meet the requirement of being a watershed rule of criminal procedure. This holding is in line with other federal district courts that have addressed this issue. Therefore, even assuming that Blakely invalidates sentences under the USSG, it will not apply retroactively to cases on collateral review.

Id. at 536-539). See also, In re Anderson, 2005 WL 123923 (11th Cir. 2005)( denied the petitioner's motion for leave to file a second or successive §2255 motion because the Supreme Court has not made Booker retroactive to cases on collateral review); McReynolds v. United States, ___ F.3d ___, 2005 237642 (7th Cir. 2005)(Booker does not apply retroactively as it is a procedural decision but it is not a watershed rule of criminal procedure); Quiron v. United States, 2005 WL 83832 (D. Me January 14, 2005)(citing Lilly and finding Booker does not apply retroactively); Rucker v. United States, 2005 WL 331336 (D. Utah 2005).

However, in United States v. Siegelbaum, No. 02-179-01PA (D. Or. Filed January 24, 2005), Judge Panner of the United States District Court for the District of Oregon could not "exclude the possibility that the Court might apply Blakely/Booker retroactively in some situations." According to Judge Panner, Summerlin did not foreclose the retroactive application of Booker because Summerlin "addressed only the allocation of factfinding responsibility between the judge and jury. There is a second component to Blakely/Booker that Schiro did not address, namely, that facts used to enhance a sentence, if not admitted, must be proved beyond a reasonable doubt rather than by a preponderance of the evidence." Judge Panner seems to opine that under Supreme Court precedent, In re Winship, 397 U.S. 358, 363 (1970), Ivan V. v. City of New York, 407 U.S. 203, 205 (1972), and Hankerson v. North Carolina, 432 U.S. 233 (1977), and the opinions of five of the Supreme

17

Court justices, that the reasonable doubt standard applies to sentence enhancements, and thus, the application of the reasonable doubt standard would require retroactive relief. However, Judge Panner did not decide the retroactivity issue.

Despite Judge Panner's thoughts on retroactivity, the undersigned finds that based on Summerlin, Lilly, and McReynolds, Booker, as an extension of the reasoning in Apprendi, should also be barred from retroactive application on collateral review in a §2255 motion.

Additionally, the Supreme Court has held in a case involving a successive petition, for purposes of 28 U.S.C. § 2244(b)(2)(A), that only the Supreme Court could declare that a new rule of constitutional law is retroactively applicable to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001). The Fourth Circuit has not limited Tyler to 2244(b)(2)(A) issues and has extended its reasoning to initial §2255 motions, as well. See San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002); See also Beamon v. United States, 189 F.Supp.2d 350 (E.D.Va.2002)(applying Tyler to discussion of whether Apprendi applies retroactively to initial §2255 motion). Accordingly, based on the reasoning in Tyler, Dove, and Beamon, the undersigned recommends that Booker be disallowed from retroactive application on collateral review, and that the petitioner's Blakely/Booker claim be denied.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order **GRANTING** the petitioner's motion to amend and **DENYING** the petitioner's §2255 motion and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: February 22, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE