IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD ALLEN SMITH, JR.,

    Petitioner,

v.                                Civil Action No. 2:04CV50
                                  (Criminal Action No. 2:00CR7-01)
UNITED STATES OF AMERICA,              (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.   Procedural History

On August 2, 2003, pro se petitioner, Richard Allen Smith, Jr. ("Smith"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.

On September 9, 2004, the United States filed a response to the petitioner's § 2255 motion. On October 5, 2004, the petitioner filed a motion requesting an extension of time or a stay pending the Supreme Court's ruling in Booker and Fanfan.[1] The petitioner filed a second motion for stay on January 25, 2005, pending review by the Supreme Court of Dodd v. United States, 365 F.3d 1273 (11th Cir. 2004), which the petitioner alleged would determine the retroactivity of Booker. On February 8, 2005, the petitioner filed a third motion, requesting the magistrate judge to order the United

---

[1] The Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), on January 12, 2005.

States to respond to his motions to stay or extend.[2] The United States filed a response to the petitioner's motions to extend or stay, and the petitioner filed "objections" to the government's response. On February 22, 2005, the magistrate judge denied the petitioner's motions to stay finding that <u>Booker</u> had been decided and that the Court's review of <u>Dodd</u> was irrelevant to the plaintiff's post-conviction relief.

On February 22, 2005, the magistrate judge entered a report recommending that the petitioner's motion to amend be granted, but that his § 2255 motion be denied and dismissed from the docket. On March 7, 2005, the petitioner filed a timely objection to the magistrate judge's report and recommendation. In addition, the petitioner filed "objections to government's response to deny petitioner relief under 28 U.S.C. § 2255" and a request that "this motion be construed as a motion to amend under Rule 15(c)." On March 14, 2005, the petitioner filed a motion requesting permission to amend his objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are

---

[2] This motion also requested that the petitioner be granted leave pursuant to Federal Rule of Civil Procedure 15(c) to amend his habeas petition.

"clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

On May 11, 2001, the petitioner was found guilty by a jury in the Northern District of West Virginia of eight separate counts of a multi-defendant criminal indictment. Specifically, the petitioner was found guilty on one count of conspiracy to distribute a controlled substance, two counts for being a convicted felon in possession of a firearm, two counts of aiding and abetting the use, carrying or brandishing of a firearm in relation to a drug trafficking offense, two counts of distributing crack cocaine and one count of aiding and abetting in assaulting, resisting or impeding an officer.

On March 14, 2002, the petitioner was sentenced to a total of 646 months of imprisonment, based on a total offense level of 38 and a criminal history category of II. Petitioner appealed his sentence, arguing that the court erroneously failed to grant his motion for a new trial on his convictions on three counts.[3] The petitioner also argued that the trial court erroneously precluded

---

[3] These were the two counts of aiding and abetting the brandishing of a firearm in relation to a drug trafficking offense, and the single count of aiding and abetting assaulting, resisting and impeding an officer.

him from fully cross-examining government witnesses from the West Virginia State Police Laboratory. Finally, the petitioner argued that the jury was improperly empaneled because it denied him a proper cross-section of the community in violation of his Sixth Amendment rights. The petitioner's direct appeal was denied on all grounds by the Fourth Circuit.

### III. Discussion

In his § 2255 motion, the petitioner argues that: (1) he had ineffective assistance of counsel because his attorney (a) failed to object or challenge the accuracy of the record and failed to request certification as to how the jury voted, (b) failed to file a motion to suppress a search, (c) failed to investigate petitioner's state court case, (d) failed to challenge defects in his indictment, (e) failed to object to the sentence imposed for his two counts for distributing crack cocaine, (f) failed to investigate the deputization of a state trooper and fraud upon the court, and (g) failed to file pretrial motions to dismiss several counts under Bailey's use and carry prongs; (2) the grand jury never gave the court certification of jurisdiction, (3) he was actually innocent of certain unconstitutional sentences, and (4) that his state sentence violated the holding in Blakely v. Washington.

After evaluating the petitioner's claims, the magistrate judge entered a report and recommendation in which he made the following findings: (1) the petitioner's claim that his attorney ineffectively represented him was without merit because the

4

petitioner did not show that the conduct either fell below the proper standard or was prejudicial; (2) the petitioner's claim that the grand jury proceedings were improper should be denied because the petitioner did not set forth any violations of Federal Rule of Civil Procedure 6(f); (3) the petitioner's claim that he is actually innocent is without merit because the jury returned a verdict along with special interrogatories regarding drug amounts; (4) the petitioner's <u>Blakely</u> challenge to his state court conviction is without merit because the conviction was valid at the time the petitioner was charged with violating § 922(g). In addition, the magistrate judge recommended that the petitioner's motion to amend be granted, but finds <u>Booker</u> inapplicable to the petitioner's § 2255 petition because the Supreme Court's ruling is not retroactive.

In his objection, the petitioner claims that he was not able to timely reply to the government's response to his § 2255, and therefore, petitioner objects to the magistrate judge's report and recommendation in its entirety.

A.   <u>Booker and Blakely Not Retroactive</u>

First, this Court must deny the petitioner's petition and motion to amend his objections based upon argument pursuant to <u>Booker</u> and <u>Blakely</u>. In <u>Booker</u>, the Court applied its holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), to the United States Sentencing Guidelines, affirming that the Sixth Amendment forbids judges from sentencing a defendant beyond the statutory maximum

5

that is applicable based on facts found by a jury or admitted by the defendant.  Booker at 746; see Blakely at 2537.  The Court failed to address in Booker whether its holding should be applied retroactively on collateral challenges.  However, this Court concludes that under Teague v. Lane, 489 U.S. 288 (1989), Booker must not be applied retroactively under these circumstances.

Teague states that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."  Id. at 310.  Accordingly, a petitioner cannot retroactively incorporate new constitutional decisions of criminal procedure unless the petitioner demonstrates exceptional reasons why such incorporation is necessary.  Id. at 306-309.  Pursuant to Teague, the Fourth Circuit has determined that Apprendi and any case that extends the reasoning of Apprendi should not be applied retroactively on collateral review. See United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001).  Thus, Booker and Blakely, which both follow Apprendi and its progeny, do not apply retroactively to cases on collateral review.  See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Green v. United States, 397 F.3d 101 (2d Cir. 2005); In re Anderson, 396 F.3d 1336 (11th Cir. 2005).

Accordingly, the petitioner's motions to stay or extend were correctly denied by the magistrate judge.  Further, the petitioner's motion to amend his objections must also be denied because it is based on a retroactive application of Booker.

Similarly, the petitioner's argument that he is actually innocent relies on Blakely and Booker, and is therefore improper, and must be rejected.

B.  Petitioner's Counsel Not Ineffective

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

First, petitioner's attorney was not ineffective by failing to poll the jury or by failing to object to indictment not being returned in open court. Federal Rule of Criminal Procedure 6(c) serves to protect grand jury proceedings from publication absent a court order. It is well established that a defendant does not have a general right to the names of the grand jury members or access to information on how such members voted. See United States v. Faughn, 510 F. Supp. 206 (D. NJ. 1981)(disclosure of such information would undermine the secrecy imposed by Rule 6(c)). Here, the petitioner has given this Court no indication as to the need for polling the grand jury in this action. Furthermore, even if the petitioner's indictment was not read in open court, the

petitioner has not shown how he was prejudiced by this act. Accordingly, the petitioner has not demonstrated that his attorney was ineffective on these grounds.

Second, petitioner's counsel was not ineffective for failing to file a motion to suppress a search warrant issued by the Circuit Court of Mineral County. Petitioner claims the warrant was issued to be executed between June and September 21, 1999, but that it was not executed until September 22, 1999. In addition, the petitioner claims that the signature on the search warrant was forged. The petitioner has offered no evidence that the warrant was forged and his contention that the warrant was to be executed before September 21, 1999 is simply incorrect. The warrant states only that the violations set forth in the warrant occurred between June 1, 1999 to September 21, 1999. Accordingly, the petitioner's claim on this ground is without merit.

Third, petitioner's counsel was not ineffective for failing to investigate petitioner's state court case. The petitioner was convicted after pleading guilty to one count of the felony offense of delivery of a controlled substance. <u>See</u> United States' Response, Ex. C. This Court agrees with the magistrate judge that the fact that the petitioner's sentence was later reduced does not change the characterization of the conviction as a felony. Accordingly, this Court finds that the petitioner was subject to § 922(g), which is applicable to any person "who has been convicted in any court of, a crime punishable by imprisonment for a term

exceeding one year . . ." 18 U.S.C. § 922(g)(1). The petitioner provides no evidence that his conviction was ever expunged, set aside, or considered to be no longer a felony. Therefore, the petitioner's claim on this ground is without merit.

Fourth, petitioner's counsel was not ineffective for failing to challenge defects in his indictment. Specifically, the petitioner argues that Count One of the second superceding indictment did not set forth the statutory penalty as required. To the contrary, the record shows that the elements of 21 U.S.C. § 841(b)(1)(A)(iii) were set forth in the superceding indictment. In addition, the jury specifically found drug amounts through interrogatories in accordance with the holding of Apprendi. The jury determined the petitioner was involved in a conspiracy to distribute 50 grams of crack cocaine, and the Court sentenced the petitioner below the statutory minimum for this crime. Accordingly, this Court finds that the petitioner's objection to his representation on this ground is without merit.

Fifth, petitioner's counsel was not ineffective for failing to object to the sentence imposed for his two counts of distribution of crack cocaine. As the magistrate judge notes, a sentencing court is provided with broad discretion as to what information to credit in making sentencing determinations. 18 U.S.C. § 3661; United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). In the petitioner's case, the Court considered laboratory reports and evidence of specific drug amounts presented at trial. The Court

9

also considered relevant conduct presented by the probation officer. The petitioner has offered no evidence to show that the amount of relevant conduct was unreliable. Even if the probation officer had not considered drug weight involved in the petitioner's two counts of distribution of crack cocaine, the Guideline calculation would not have changed and the petitioner's sentence would not have been lower. Accordingly, the petitioner's ineffective assistance of counsel argument fails on this ground.

Sixth, petitioner's counsel was not ineffective for failing to investigate fraud upon the court for improperly deputizing state troopers. The petitioner cites no authority for this contention, and this Court finds that the troopers in question were properly deputized. Furthermore, this Court rejects for lack of any evidence the petitioner's contention that the "government devised a scheme to provide a card that was fraudulent, and that the testimony given by the F.B.I. was also further product of this scheme devised by the prosecutors . . ." Thus, the petitioner was not prejudiced by the lack of a investigation.

Finally, petitioner presents no facts to support his claim that his attorney should have moved for the court to dismiss several counts under <u>Bailey</u>'s use and carry prongs. A petitioner challenging his sentence must "state the facts supporting each ground" on which his petition rests. <u>See</u> Rule 2(b)(2) of the Federal Rules Governing § 2255 Proceedings. Accordingly, this

Court rejects the petitioner's final argument that his counsel was ineffective.

C.  <u>Grand Jury Allegation Without Merit</u>

As this Court discussed above when addressing the petitioner's allegation that he had ineffective assistance of counsel, there is no evidence supporting the petitioner's claim that Rule 6(f) of the Federal Rules of Civil Procedure was violated.  Accordingly, this argument must be rejected.

## IV.  <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, the petitioner's § 2255 motion is DENIED and his motion to amend his objections is DENIED.  All other pending motions to stay and to compel a government response are also DENIED as moot.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a

certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 19, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE