IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:04CV50
                                    CRIMINAL ACTION NO. 2:00CR7-01
                                    (JUDGE STAMP)

RICHARD ALLEN SMITH, JR.,

        Defendant.

**<u>REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (b) BE DENIED</u>**

On August 2, 2005, the defendant, Richard Allen Smith, Jr.,  filed a motion for this Court

to set aside the judgment against him under Rule of Civil Procedure 60 (b).  Defendant titled his

motion as Motion for Reconsideration Under Rule 60 (b) (5) (3) (sic).  The defendant seeks relief

from the decision in his § 2255 claim on retroactivity of <u>United States v. Booker</u>, 543 U.S. 220

(2005), ineffective assistance of counsel and constitutionally deficient jury instructions.   In

response, the Government argues that the defendant, in seeking to have Defendant's sentence

vacated, is essentially seeking relief under 28 U.S.C. § 2255.  Because this would serve as a

successive § 2255 motion for the defendant, the Government asserts that the defendant must seek

an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to

consider Defendant's motion.  The defendant has not requested such an order from the Fourth

Circuit and, therefore, the Government contends that this Court must dismiss the defendant's

motion.

Federal Rule of Civil Procedure 60 (b) provides relief from a judgment based on:

        (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
        discovered evidence which by due diligence could not have been

> discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60 (b).

The Fourth Circuit has held that Rule 60 (b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F. 3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60 (b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60 (b) from "'successive [applications] in 60 (b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount of a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment

will virtually always implicate the rules governing successive applications.

Id.

The Defendant is directly attacking his conviction and sentence in his Rule 60 (b) matter that amounts to an appeal of the decision on his motion for habeas relief, rather than a defect in the collateral review process. Thus, Defendant's claim cannot stand unless properly brought after receiving a certificate of appealability or permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Fourth Circuit. For this reason, it is recommended that Defendant's Rule 60 (b) (6) motion be **DENIED**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[1]

The Clerk is directed to mail a copy of this report and recommendation to the *pro se* petitioner and any counsel of record.

DATED: February 1, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).