IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD ALLEN SMITH, JR.,

    Petitioner,

v.                                      Civil Action No. 2:04CV50
                                         (Criminal Action No. 2:00CR7-01)
UNITED STATES OF AMERICA,                          (STAMP)

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

## I. <u>Background</u>

On August 2, 2005, the petitioner, Richard Allen Smith, Jr. ("Smith"), <u>pro se</u>, filed a "Motion for Reconsideration Under Rule 60(b)(5)(3)." The petition was referred to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On February 1, 2006, the magistrate judge issued a report recommending that Smith's motion be denied. Petitioner filed objections to this recommendation on February 14, 2006 styled "Objection to Magistrate Judge Seibert Report and Recommendations."

## II. <u>Discussion</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). In this case, since the Court cannot determine when petitioner was served with a copy of the magistrate judge's report and recommendation, timeliness of petitioner's objections will be assumed and this Court will rule on the merits de novo.

Following review of Smith's motion, Magistrate Judge Seibert issued a report recommending that the petition be denied because Smith is directly attacking his conviction and sentence which amounts to an appeal of the decision on his motion for habeas relief, rather than a defect in the collateral review process which requires a certificate of appealability or permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Fourth Circuit. Because Smith has filed objections, this Court will review the magistrate judge's report and recommendation de novo.

The Fourth Circuit has held that Rule 60 (b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to

'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)(holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish a proper motion under Rule 60(b) from a "'successive [application] in 60 (b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

As one ground for his Motion for Reconsideration, the petitioner appears to allege that this Court failed to reach the merits of his claim under United States v. Booker, 543 U.S. 220 (2005), by relying on Teague v. Lane, 489 U.S. 288 (1989). If petitioner were correct in this regard, he might raise a proper 60(b) claim for a defect in the collateral review process.

3

However, this Court's reasoning that Booker does not apply retroactively to cases on collateral review has been confirmed by the Fourth Circuit.[1] Therefore, the petitioner is not entitled to relief under Rule 60(b) on this claim. The petitioner's other ground for relief reargues his claim that his attorney was ineffective. Therefore, the Defendant is directly attacking his conviction and sentence in a manner that amounts to an appeal of the decision on his motion for habeas relief rather than a defect in the collateral review process. Thus, Defendant's claim cannot stand unless properly brought after receiving a certificate of appealability or permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Fourth Circuit.

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's motion for reconsideration under Rule 60(b)(5)(3) is DENIED WITH PREJUDICE.

---

[1] The Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeal that have considered the issue.

4

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 2, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE