IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD ALLEN SMITH, JR.,

    Petitioner,

v.                              Civil Action No. 2:04CV50
                                (Criminal Action No. 2:00CR7-01)
UNITED STATES OF AMERICA,                     (STAMP)

    Respondent.

**ORDER DENYING MOTION TO ALTER OR
AMEND JUDGMENT UNDER RULE 59(e)**

I.    Introduction

A.    Conviction

On May 11, 2001, the petitioner was found guilty by a jury for the Northern District of West Virginia of the following eight counts: conspiracy to distribute crack cocaine (Count 1s); knowing possession of a firearm by a convicted felon (Counts 5s and 44s); aiding and abetting the use, carrying, and brandishing of a firearm in relation to a drug trafficking offense (Counts 39s and 46s); distribution of crack cocaine (Counts 40s and 41s); and aiding and abetting the assault, resistance, and impeding of an officer (Count 45s).

B.    Sentencing

On March 20, 2002, the Court sentenced the petitioner to 262 months incarceration on Counts 1s, 40s and 41s; 120 months on Counts 5and 44s; 36 months on Count 45s to all run concurrently; 84 months on Count 39s to run consecutively to the sentences imposed

on Counts 1s, 5s, 40s, 41s, 44s, and 45s; and 300 months on Count 46s to run consecutively to the sentences imposed on Counts 39s and all other counts for a total sentence of 646 months imprisonment.

C. Appeal

The petitioner filed an appeal. By decision dated November 26, 2002, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence. United States v. Smith, 51 Fed. Appx. 415, 2002 WL 31655170 (4th Cir. 2002). The petitioner then filed a petition for writ of certiorari with the United States Supreme Court. The petition was denied on October 6, 2003.

D. Federal Habeas Corpus

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 on August 2, 2004. The motion was denied on May 19, 2005. Petitioner did not appeal.

## II. Discussion

Petitioner moves to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The essence of petitioner's claim is that the Court erred when it denied his claim of ineffective assistance of counsel in petitioner's motion under 28 U.S.C. § 2255. Specifically, petitioner claims his counsel should have challenged defects in Count 1s of the indictment, one of the eight counts of which he was convicted. Petitioner asserts that because no drug amount was set forth in Count 1s of the indictment, the

indictment was defective under Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).

This issue was addressed in the decision denying petitioner's motion under 28 U.S.C. § 2255. There was no specific quantity of drug alleged in the indictment. The indictment did charge the defendant with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). To be found guilty under 21 U.S.C. § 841(b)(1)(A)(iii), more than 50 grams of cocaine base must be involved. In a special interrogatory, the jury found beyond a reasonable doubt that petitioner was guilty of the conspiracy to possess with the intent to distribute and to distribute in excess of 50 grams of cocaine base, also known as crack. The statutory maximum in such case is life. Petitioner received less than a life sentence.

The indictment does not violate Apprendi. The United States Supreme Court held in Apprendi that any factor other than prior convictions which increased the defendant's sentence beyond the statutory maximum must be submitted to the jury. Id.; see also United States v. Angle, 254 F.3d 514 (4th Cir. 2001) (If the government seeks enhanced penalties under 21 U.S.C. § 841(b)(1)(A) or (B) the quantity must be set forth in the indictment). The fact that the specific quantity of drugs for which he was sentenced was

3

not set forth in the indictment does not render the indictment invalid. See United States v. Cotton, 535 U.S. 625 (2002); United States v. Angle, 254 F.3d 514 (4th Cir. 2001); see also United States v. Promise, 255 F.3d 150 (4th Cir. 2001), cert. denied, 535 U.S. 1098 (2002) (holding that in order to sentence the defendant above the statutory maximum, Apprendi requires that the specific threshold drug quantity must be treated as an element of an aggravated drug trafficking offense under 21 U.S.C. § 841, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt). In this case, a violation of 21 U.S.C. § 841(b)(1)(A)(iii) was charged in the indictment and the jury found beyond a reasonable doubt by special interrogatory that more than 50 grams of cocaine base was involved in the conspiracy.

Finally, Federal Rule of Civil Procedure 59(e) requires that a Motion to Alter or Amend Judgment be brought within ten (10) days of entry of judgment. This motion was filed August 2, 2005 long after petitioner acknowledged receipt of the Judgment Order.

### III. Decision

For the foregoing reasons, petitioner's Motion to Alter or Amend Judgment Under Rule 59(e) (Doc. 994) is DENIED.

The Clerk shall mail a copy of this Order to prisoner, with his prisoner number on the envelope, return receipt requested, and to all counsel of record.

DATED: November 2, 2006

                                            <u>/s/ Frederick P. Stamp, Jr.</u>
                                            FREDERICK P. STAMP, JR.
                                            UNITED STATES DISTRICT JUDGE