IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 2:00CR7-01
                                          (STAMP)
RICHARD ALLEN SMITH, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITION FOR RELIEF FROM JUDGMENT**
**AND REQUEST TO RE-OPEN PROCEEDINGS**

I. Background

Defendant Richard Allen Smith, Jr., who is appearing pro se,[1] was found guilty by a jury for the Northern District of West Virginia of the following eight counts contained in a superseding indictment: conspiracy to distribute crack cocaine (Count 1s); knowing possession of a firearm by a convicted felon (Counts 5s and 44s); aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a drug trafficking offense (Counts 39s and 46s); distribution of crack cocaine (Counts 40s and 41s); and aiding and abetting the assault, resistance, and impeding an officer (Count 45s). The defendant was sentenced to 262 months imprisonment on Counts 1s, 40s and 41s; 120 months imprisonment on Counts 5s and 44s; 36 months imprisonment on Count 45s, all to run concurrently; 84 months imprisonment on Count 39s to run

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

consecutively to the sentences imposed on Counts 1s, 5s, 40s, 41s, 44s, and 45s; and 300 months on Count 46s to run consecutively to the sentences imposed on Counts 39s and all other counts for a total sentence of 646 months imprisonment.  The defendant appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the defendant's conviction and sentence.  The defendant's petition for writ of certiorari with the United States Supreme Court was denied.

On August 2, 2004, the defendant filed his first motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.  The motion was denied by this Court, and the defendant did not appeal.  The defendant then filed a motion for relief from judgment under Rule 60(b) due to mistake and/or clerical error made.  Before that motion was decided, however, the defendant filed a motion for reconsideration pursuant to Rule 60(b) and a second § 2255 motion.  This Court denied both Rule 60(b) motions, as well as the defendant's second § 2255 motion.

The defendant then filed a third motion under Federal Rule of Civil Procedure 60(b), which is currently before this Court.  The United States filed a response to which the defendant replied.  For the reasons set forth below, this Court finds that the defendant's motion should be dismissed as a successive petition.

## II. Discussion

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)(holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish a proper motion under Rule 60(b) from a "'successive [application] in 60(b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying

3

criminal judgment will virtually always implicate the
rules governing successive applications.

Id.

Here, the defendant's Rule 60(b) motion is challenging the legality of his sentence and not seeking to remedy a defect in the collateral review process. Specifically, in his Rule 60(b) motion, the defendant attacks his conviction by claiming that "the United States infringed upon the integrity of the proceedings" when they argued that a previous conviction for possession with intent to distribute marijuana qualified as an enhancement under 18 U.S.C. § 992(g). (Def.'s Pet. at 5.) The defendant, therefore, is directly attacking his conviction and sentence in a manner that amounts to an appeal of the decision on his motions for habeas relief rather than a defect in the collateral review process. Thus, the defendant's claims cannot stand unless properly brought after receiving a certificate of appealability or permission to file a successive § 2255 motion. For this reason, the defendant's petition for relief from judgment and request to re-open proceedings pursuant to Rule 60(b) must be denied.

### III. Conclusion

For the reasons stated above, this Court concludes that the defendant's petition for relief from judgment and request to re-open proceedings must be DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within 30 days after the date of the entry of this judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE