IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Criminal Action No. 2:00CR7-01
                                             (STAMP)
RICHARD ALLEN SMITH, JR.,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12**

I. Background

Defendant Richard Allen Smith, Jr., who is appearing pro se,[1] was found guilty by a jury for the United States District Court for the Northern District of West Virginia of the following eight counts contained in a superseding indictment: conspiracy to distribute crack cocaine (Count 1s); knowing possession of a firearm by a convicted felon (Counts 5s and 44s); aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a drug trafficking offense (Counts 39s and 46s); distribution of crack cocaine (Counts 40s and 41s); and aiding and abetting the assault, resistance, and impeding an officer (Count 45s). The defendant was sentenced to 262 months imprisonment on Counts 1s, 40s and 41s; 120 months imprisonment on Counts 5s and 44s; 36 months imprisonment on Count 45s, all to run concurrently;

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

84 months imprisonment on Count 39s to run consecutively to the sentences imposed on Counts 1s, 5s, 40s, 41s, 44s, and 45s; and 300 months on Count 46s to run consecutively to the sentences imposed on Counts 39s and all other counts for a total sentence of 646 months imprisonment. The defendant appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the defendant's conviction and sentence. The defendant's petition for writ of certiorari with the United States Supreme Court was denied.

On August 2, 2004, the defendant filed his first motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The motion was denied by this Court, and the defendant did not appeal. The defendant then filed a motion for relief from judgment under Rule 60(b) due to mistake and/or clerical error made. Before that motion was decided, however, the defendant filed a motion for reconsideration pursuant to Rule 60(b) and a second § 2255 motion. This Court denied both Rule 60(b) motions, as well as the defendant's second § 2255 motion.

The defendant then filed a third motion under Federal Rule of Civil Procedure 60(b). This Court found that the defendant's motion should be dismissed as a successive petition. The defendant then filed a motion for certificate of appealability and a notice of appeal. This Court and the Fourth Circuit denied the defendant's motion for a certificate of appealability and, further,

2

the Fourth Circuit dismissed the defendant's appeal.  The defendant then received a reduction of his sentence pursuant to 18 U.S.C. § 3582 as a result of the amended guideline range, approved by the United States Sentencing Commission in 2009, to United States Sentencing Guideline § 1B1.10.  The defendant then filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582 which this Court denied as the defendant was subject to a mandatory minimum sentence of 240 months as to his conviction for distribution of cocaine base and this Court had already granted what relief was available to the defendant pursuant to the amended sentencing guidelines.

Thereafter, the defendant filed a notice of appeal pursuant to the Federal Rules of Appellate Procedure contending that he was incorrectly convicted for offenses included in previous indictments rather than the second superseding indictment, his counsel was ineffective in allowing the government to proceed on indictments other than the second superseding indictment, and this Court lacked subject matter jurisdiction over the defendant.  This appeal is currently pending.  Shortly after the appeal was noticed by the defendant, he filed the same claims with this Court labeled as a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12.

## II.  Discussion

Federal Rule of Criminal Procedure 12(b)(3) states that pretrial motions "alleging a defect in instituting the prosecution"

3

must be made before trial. Further, it states that "a motion alleging a defect in the indictment or information" must be made before trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense . . . ." Fed. R. Crim. P. 12(3)(B).

Rule 12 precludes the defendant's claims as to the use of previous indictments and this Court's lack of jurisdiction over his case. As stated above, motions as to a defect in the indictment must be made before trial and motions contending the court's jurisdiction must be made while the case is still pending. The defendant's action is no longer pending and has not been pending for several years. As such, his claims are untimely and may not be raised at this time.

The defendant's claims are also barred as the defendant's claims have previously been denied by this Court and his attempt to bring them here must be considered a successive § 2255 petition. ECF Nos. 978, 1052, 1090. "It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255." Scott v. United States, 761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) (finding that a motion to discontinue sentence was a § 2255 petition as it sought relief from conviction and sentence) (citing Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970)). In this case, the defendant's claims are clearly made in

4

order to attack the defendant's underlying sentence and conviction as he seeking that this Court "void" his sentence. Thus, such claims should have been brought pursuant to a successive § 2255 petition.

As such, the defendant should have sought pre-filing authorization. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (citation omitted). The defendant has not obtained pre-filing authorization from the Fourth Circuit and thus his claim for ineffective assistance of counsel, a § 2255 claim masked as a claim pursuant to a motion to dismiss, must be dismissed as this Court lacks jurisdiction to hear such a claim.

### III. Conclusion

For the reasons stated above, this Court concludes that the defendant's motion to dismiss pursuant to Federal Rule of Criminal Procedure 12 must be DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within 60 days after the date of the entry of this judgment order.

This Court finds, assuming that defendant's motion is one that requires the consideration of a certificate of appealability, that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the defendant has not made the requisite showing. Accordingly, the defendant is DENIED a certificate of appealability.

The defendant may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:     August 15, 2014

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE