IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               Criminal Action No. 2:00CR7-01
                                                     (STAMP)
RICHARD ALLEN SMITH, Jr.,

       Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR MANDATORY EVIDENTIARY HEARING,
MOTION TO REVIEW SENTENCE,
MOTION FOR SUMMARY JUDGMENT,
MOTION TO STRIKE,
SECOND MOTION FOR SUMMARY JUDGMENT,
MOTION FOR RELEASE ORDER AND
MOTION FOR CERTIFICATE OF RELEASE**

I.   Background

Defendant Richard Allen Smith, Jr., who is appearing pro se,[1] was found guilty by a jury for the United States District Court for the Northern District of West Virginia of the following eight counts contained in a superseding indictment: conspiracy to distribute crack cocaine (Count 1s); knowing possession of a firearm by a convicted felon (Counts 5s and 44s); aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a drug trafficking offense (Counts 39s and 46s); distribution of crack cocaine (Counts 40s and 41s); and aiding and abetting the assault, resistance, and impeding an officer (Count

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

45s). The defendant was sentenced to 262 months imprisonment on Counts 1s, 40s and 41s; 120 months imprisonment on Counts 5s and 44s; 36 months imprisonment on Count 45s, all to run concurrently; 84 months imprisonment on Count 39s to run consecutively to the sentences imposed on Counts 1s, 5s, 40s, 41s, 44s, and 45s; and 300 months on Count 46s to run consecutively to the sentences imposed on Counts 39s and all other counts for a total sentence of 646 months imprisonment. The defendant appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the defendant's conviction and sentence. The defendant's petition for writ of certiorari with the United States Supreme Court was denied.

Recently, the defendant filed a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12 arguing that (1) he was incorrectly convicted of crimes that were listed in previous indictments but not the second superseding indictment under which he was ultimately convicted, (2) his counsel was ineffective in not raising such a claim, and (3) this Court lacked jurisdiction. This motion was denied as this Court found that his claims were untimely and were also procedurally barred because those claims were considered claims that should have been made in a successive 28 U.S.C. § 2255 petition and he had not sought a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.

The defendant then appealed to the Fourth Circuit. The defendant's appeal has been denied. After he filed the appeal, however, he filed a motion for mandatory evidentiary hearing with this Court. The defendant argues in that motion that he is entitled to an evidentiary hearing because there are forged search warrants that underlie his allegations of constitutional violations. This Court directed the government to respond, however, the defendant filed a motion to review sentence before a response was received. Accordingly, this Court extended the government's deadline so that it could respond to both motions.

In his motion to review sentence, the defendant reiterates previous arguments he has made regarding the second superseding indictment. Further, he argues that the evidence which was used to convict him was fabricated by an officer who failed to test the alleged drugs that were confiscated from the defendant. The defendant then filed a motion for summary judgment making the same argument about the fabrication of evidence. The defendant then filed a motion to strike which argues that this Court should strike its order allowing the government to respond in a consolidated manner to the defendant's motions.

The government then filed a response to the defendant's motions. The government contends that the defendant's motions are unauthorized successive § 2255 petitions and should be dismissed for the same reasons this Court has dismissed other motions filed

3

by the defendant. Further, the government asserts that even if not found to be successive, this Court should still deny the motions as neither 18 U.S.C. § 3742(a)(1) nor Rule 36 (cited by defendant) provide for a court to review a final sentence.

The defendant then filed a renewed statement of acknowledgment (not filed as a motion) stating that the government has defaulted because it has failed to respond. Thereafter, the defendant filed another motion for summary judgment. The defendant again contends that the drugs that were allegedly confiscated from him were never tested and that the results were fabricated. Thus, he asserts that his constitutional rights were violated. Additionally, the defendant filed a motion titled "release order" wherein the defendant contends that because of the fraud that underlies his conviction, this Court must immediately release him from federal custody. Finally, the defendant has filed a motion for certificate of release.

For the reasons that follow, this Court finds that the defendant's motions must be denied.

## II. Discussion

A. Motion for Mandatory Evidentiary Hearing

It is generally within the sound discretion of the district court whether to hold an evidentiary hearing. United States v. Robinson, 238 F. App'x 954, 955 (4th Cir. 2007). However, when rulings depend on issues of credibility or when there are disputed

facts "involving inconsistencies beyond the record, a hearing is mandated." Id. The resolution of the defendant's action does not involve either resolving inconsistencies beyond the record or credibility issues as this Court will detail later in this order. This Court was able to make its findings based on the record itself. Therefore, this Court denies the defendant's motion for an evidentiary hearing.

B. <u>Motion to Review Sentence and Motions for Summary Judgment</u>

    1. <u>Allegation of a Defect in the Indictment</u>

In his motion to review sentence, the defendant reiterates previous arguments that he has made regarding a defect in the second superseding indictment. This Court has already considered this allegation more than once. See ECF No. 1388. Thus, the defendant's claim regarding a defect in the indictment is barred as the defendant's claim has previously been denied by this Court and his attempt to bring them here must be considered a successive § 2255 petition. ECF Nos. 978, 1052, 1090, 1388.

"It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255." <u>Scott v. United States</u>, 761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) (finding that a motion to discontinue sentence was a § 2255 petition as it sought relief from conviction and sentence) (citing <u>Raines v. United States</u>, 423 F.2d 526, 528 (4th Cir. 1970)). In this case,

the defendant's claim is clearly made in order to attack the defendant's underlying sentence and conviction as he is seeking that this Court "void" his sentence. Thus, such a claim should have been brought pursuant to a successive § 2255 petition.

As such, the defendant should have sought pre-filing authorization. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (citation omitted). The defendant has not obtained pre-filing authorization from the Fourth Circuit and thus his claim for a defect in the indictment, a § 2255 claim masked as a claim pursuant to a motion to review sentence, must be dismissed as this Court lacks jurisdiction to hear such a claim.

2. Allegations of Fraud

For the same reasons as above, the defendant's allegations that his conviction was secured because of fraud would require pre-filing authorization as this claim has been made by the defendant before. See ECF Nos. 1234, 1263. Thus, the defendant's allegations of fraud would also require the defendant to bring them as a successive § 2255 petition as the defendant is requesting that

this Court void his conviction and sentence.  Furthermore, in the alternative, the defendant's claims would fail for lack of support.

The defendant argues that a fraud was perpetrated by the government because the drugs used to convict him were either not tested or not tested correctly.  The defendant has provided documents that show that certain testing methods were not followed at the time that the drugs used for the defendant's trial would have been tested.  Thus, he asserts that because of the fraud that had occurred at the drug testing lab, he was wrongfully convicted and sentenced.

This Court has reviewed the defendant's trial record and finds that it does not support the defendant's argument that the evidence underlying his sentence was obtained by fraud.  Throughout the trial record, there are several undercover buys and subsequent testing of the drugs obtained through those buys.  Although there was testimony regarding discrepancies that may have arisen, the testimony elicited only shows that those discrepancies affected 2-3 tests.  <u>See</u> Timothy White Test. (May 2, 2001).  However, there are numerous test records that were moved into evidence throughout the defendant's trial that outweigh any notion that the drugs obtained through the controlled buys were not cocaine or cocaine base.

Further, this Court must give heed to the jury's determination that despite the testimony given about discrepancies in testing, there was still enough evidence to convict the defendant.

> A jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." A reviewing court, therefore, may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable. Rather, we shall reverse a verdict if the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt.

United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (citing Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995), cert. denied, 519 U.S. 807 (1996)). Additionally, the documents provided by the defendant show that even when testing was not done pursuant to protocol, the lab technicians were doing the most reliable testing and still testing the drugs that they received. Those documents show that, when viewed favorably for the government, a reasonable jury could still find that the drugs tested correctly or tested by the most reliable testing method, were enough to uphold the defendant's conviction. Therefore, even if the defendant were allowed to bring this claim because it was in fact not a successive § 2255, his claims would still be without merit.

C. Motion to Strike

The defendant contends that this Court should not have allowed the government to file a consolidated response to the defendant's motions in this action. When this Court issued that order, the defendant had filed two motions regarding a challenge to his underlying sentence within six days. Further, by the time the

8

government had filed a response, the defendant had four pending motions before this Court, three of which related to his challenge to his sentence. Accordingly, this Court believed and still believes that it was more efficient for the government to respond to the defendant's motions in a consolidated manner rather than filing several different responses to each of the defendant's motions. The defendant's motion to strike is thus denied as he has not provided a reason that would outweigh this Court's finding that a consolidated response would be more efficient.

D.   Motion for Release Order and Motion for Certificate of Release

In these motions, the defendant contends that fraud by the government led to his underlying conviction. Because of that fraud, the defendant argues that this Court should grant him immediate release from federal custody. However, based on the above, this Court has found that there is insufficient evidence to support the defendant's claims. As such, these motions are also denied.

III.   Conclusion

Based on the analysis above, this Court finds that the defendant's motion for mandatory evidentiary hearing (ECF No. 1415), motion to review sentence (ECF No. 1418), motion for summary judgment (ECF No. 1425), motion to strike (ECF No. 1427), second motion for summary judgment (ECF No. 1437), and motion for certificate of release (ECF No. 1442) are DENIED.

9

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds, assuming that defendant's motions to review sentence, motion for summary judgment, and second motion for summary judgment are motions that require the consideration of a certificate of appealability, that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the defendant has not made the requisite showing. Accordingly, the defendant is DENIED a certificate of appealability.

The defendant may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:     December 16, 2014

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE