```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                      **CRIMINAL NO. 2:00-CR-07-1**
                                                                      **(KLEEH)**

**RICHARD ALLEN SMITH,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

Pending before the Court are multiple motions for compassionate release and a Report and Recommendation ("R&R") by the Magistrate Judge that Defendant Richard Smith ("Smith") be granted early release. For the reasons discussed herein, the Court **REJECTS** the R&R and **DENIES** the motions.

        **I.**    <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

Smith is incarcerated at FCI Hazelton with a projected release date of April 9, 2036. On May 11, 2001, Smith was convicted after a jury trial of eight counts of an Indictment charging him and others with distribution of crack cocaine in and around Keyser, West Virginia. Specifically, Smith was found guilty of the following:

- Conspiracy to Possess with Intent to

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

    Distribute Cocaine Hydrochloride and Cocaine Base (Count 1);

- Possession of a Firearm by a Convicted Felon (Count 5);

- Possession of a Firearm by a Convicted Felon (Count 44);

- Unlawful Use, Carry, and Brandish of a Firearm in Relation to a Drug Trafficking Crime, Aiding and Abetting (Count 39);

- Distribution of Cocaine Base (Count 40);

- Distribution of Cocaine Base (Count 41);

- Forcibly Assault, Resist, Oppose, Impede, Intimidate, and Interfere with an Officer, Aiding and Abetting (Count 45); and

- Unlawful Use, Carry, and Brandish of a Firearm During and in Relation to a Drug Trafficking Crime (Count 46).

On March 14, 2002, Smith was sentenced to a period of incarceration of 646 months. On November 3, 2009, the Court reduced his sentence pursuant to Section 1B1.1 of the United States Sentencing Guidelines ("USSG") to a new total sentence of 624 months. In May 2019, without Government opposition, the Court reduced Smith's sentence by 120 months pursuant to the First Step Act of 2018, entering an Amended Judgment and sentencing him to a period of incarceration of 504 months.[1]

---

[1] Counts 1, 4, and 41 were affected by the First Step Act.

Case 2:00-cr-00007-TSK-MJA   Document 1611   Filed 10/21/22   Page 3 of 16  PageID #: 9676

USA V. SMITH                                                    2:00-CR-07-1

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

On January 2, 2020, Smith filed a pro se motion to reduce his sentence again under the First Step Act, which has been fully briefed and remains pending.[2] On April 14, 2020, Smith filed another pro se motion for release from custody due to the COVID-19 pandemic, which the Court denied for failure to exhaust his administrative remedies. See ECF Nos. 1577, 1578. On June 16, 2020, counsel for Smith noticed an appearance. See ECF No. 1581. On July 15, 2020, Smith, by counsel, filed a renewed motion for compassionate release, which is fully briefed and remains pending.[3]

On November 25, 2020, United States Magistrate Judge Michael J. Aloi entered an R&R, recommending that the renewed motion for compassionate release be granted. See ECF No. 1593. The Government filed objections, and Smith filed a response to the objections. See ECF Nos. 1594, 1595. Smith has filed multiple "status updates" since the R&R was entered. See ECF Nos. 1596, 1597, 1602.

## II. ARGUMENTS BY THE PARTIES

In Smith's January 2020 motion for compassionate release, he argued that he should be resentenced due to the First Step Act's clarification of the "stacking" provision in 18 U.S.C. § 924(c).

---

[2] This motion was not related to the COVID-19 pandemic. The briefs are docketed at ECF Nos. 1570, 1572, 1575, and 1576.
[3] The briefs are docketed at ECF Nos. 1584, 1585, 1590, 1591, and 1592.

# MEMORANDUM OPINION AND ORDER
# REJECTING REPORT AND RECOMMENDATION AND
# DENYING MOTIONS FOR COMPASSIONATE RELEASE

Since the filing of that motion, it appears that the parties now agree that the amendments to § 924(c)(a)(C) are not retroactive. Smith (as described above) already received a sentence reduction under the First Step Act when the Court reduced his sentence from 624 months to 504 months. Still, Smith, by counsel, believes that the Court should take the statutory changes into consideration when analyzing whether compassionate release is appropriate. The Government disagrees.

Throughout the numerous briefs that have been filed, Smith argues that extraordinary and compelling reasons for early release have been presented by the COVID-19 pandemic. Smith, who was 66 years old at the time he filed his renewed motion for compassionate release, argues that he suffers from coal workers' pneumonoconiosis ("Black Lung Disease") resulting from his 18 years of service as a coal miner; COPD; emphysema; pre-diabetes; a cyst on his liver; and symptoms of "prolonged QT syndrome." Further, he is totally disabled and a portion of his right lung has been removed. He argues that his health conditions put him at high risk of severe illness or death if exposed to COVID-19.

Smith further argues that the § 3553(a) factors weigh in favor of his release. He states that he has completed over 30 classes while incarcerated, he has served a significant portion of his

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

sentence, he is no longer a danger to society, his age makes him low risk of recidivism, and he can live with his family upon release. And, of course, Smith believes that the Court should take the changes to § 924(c) into consideration.

The Government opposes Smith's early release. The Government argues that Smith is dangerous and the § 3553(a) factors weigh against his early release. It also argues that Smith has not been a model inmate; in 2018, he was disciplined twice for being "insolent." The Government believes that the Court should not consider the First Step Act's changes to § 924(c)'s sentencing structure because Congress did not make those changes retroactive.

### III. REPORT AND RECOMMENDATION

On November 25, 2020, the Magistrate Judge entered an R&R recommending that the Court grant the renewed motion for compassionate release. The Magistrate Judge found that Smith's serious medical conditions, standing alone and in light of COVID-19, serve as extraordinary and compelling bases for compassionate release. He also found that Smith does not pose a danger to any other person or the community, considering his age, diminished physical health, and significant rehabilitative efforts while incarcerated. Finally, the Magistrate Judge found that the § 3553(a) factors weigh in favor of his release. He also found

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

that the changes to § 924(c) were a valid consideration for the Court, noting that Smith "would have served the bulk of – or perhaps the entirety of – such a sentence had it been imposed under current standards."

### IV.  OBJECTIONS AND ADDITIONAL FILINGS

The Government filed objections to the R&R, arguing again that Smith is dangerous and the § 3553 factors weigh against his early release.  In Smith's response to the objections, he argues that the objections should be overruled because they are too general for consideration.  Further, Smith argues that the Magistrate Judge's analysis was correct; that the other § 3553(a) factors outweigh the seriousness of the offense; and that the court can consider the First Step Act's changes to sentencing law under § 924(c) in granting a motion for compassionate release.

On January 5, 2021, Smith filed an "Emergency Status Update" indicating that there was a COVID-19 outbreak at FCI Hazelton and Smith had contracted COVID-19.  On May 5, 2021, Smith updated the Court that he had received both doses of the vaccine.  Still, Smith reported concerns that fellow inmates were not taking sufficient steps to curb the spread of the virus.  Despite concerns about fellow inmates, Smith reported that prison staff had improved its compliance with COVID-19 protocols.  Despite stating that he "did

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

not suffer a severe course of the disease," Smith argued that he remains at heightened risk for serious and life-threatening complications. On October 18, 2021, Smith filed another "Emergency Status Update." In this update, Smith stated that his health had been in decline and that he would receive better medical care outside of FCI Hazelton.

### V.  DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

compassionate release directly with the district court after they have exhausted their administrative remedies.[4]  See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  Smith filed a motion pro se and a renewed motion by counsel.  The BOP has not filed a motion on his behalf.  For the reasons discussed herein, he has not shown that extraordinary and compelling circumstances exist, and the § 3553(a) factors weigh against his release.

    **A.**    **Extraordinary and Compelling Circumstances**

As discussed above, 18 U.S.C. § 3582(c)(1)(A) requires that a reduction in sentence be consistent with the applicable policy statement issued by the Sentencing Commission.  However, the Fourth Circuit has noted that USSG § 1B1.13 is the "[t]he only policy statement that possibly could be 'applicable'" to a motion for compassionate release, and it was adopted prior to the passage of the First Step Act.  United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020).  As such, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by

---

[4] A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).  The Government has not raised the issue of exhaustion, so the Court will not address it.

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

"[W]here the Commission fails to act, then courts make their own independent determinations of what constitutes an extraordinary and compelling reason[] under § 3582(c)(1)(A), as consistent with the statutory language, which directly instructs courts to find that extraordinary circumstances exist." Id. (citations and quotation marks omitted). The Fourth Circuit has recognized the complicated nature of determining what circumstances constitute extraordinary and compelling, along with the balancing act undertaken by the district court:

> The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized. When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal

> circumstances, on the one hand, against the needs for incarceration, on the other.

United States v. Hargrove, 30 F.4th 189, 197 (4th Cir. 2022).

Even though there is no policy statement applicable to a defendant-filed motion for compassionate release, the Fourth Circuit has recognized that the Commission's guidance "remains helpful . . . even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7. The Commission set forth four categories of "extraordinary and compelling reasons" for sentence reduction in U.S.S.G. § 1B1.13. The first three relate to medical conditions, health and age, and family circumstances. See U.S.S.G. § 1B1.13 cmt. 1(A)–(C). The fourth is the "catch-all" category, which permits a reduction if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other three categories. See id. § 1B1.13 cmt. 1(D).

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This remains true even if an inmate's facility experiences an outbreak of COVID-19. See United States v. Williams, 1:13-CR-370-4, 2020 WL 5097490, at *3

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

(M.D.N.C. Aug. 28, 2020) (collecting cases).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Smith, No. 21-6912, 2021 WL 5579187, at *1 (4th Cir. Nov. 30, 2021) (unpublished) (citation omitted). The Fourth Circuit has recognized that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021). It has explicitly rejected applying a "bright-line rule based on CDC risk categories" when deciding whether a medical condition qualifies as extraordinary or compelling, but CDC risk factors may be considered. Hargrove, 30 F.4th at 192.

Here, the Court finds that Smith has not made a showing of extraordinary and compelling circumstances. Smith has made it clear that risks associated with COVID-19 are the basis of his renewed motion. The Court acknowledges that at least one or more of Smith's conditions could put him at higher risk of serious

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

illness or death should he contract COVID-19.[5] Importantly, however, Smith has not shown that he is at a particularized risk of contracting the disease at FCI Hazelton.

As of October 21, 2022, there are zero active inmate cases and zero active staff cases of COVID-19 at FCI Hazelton.[6] Smith has also received at least two doses of the COVID-19 vaccine, and "[a]n overwhelming amount of district courts across the country have held that being fully vaccinated drastically reduces the risk of becoming severely ill and therefore denied compassionate release." See United States v. Williams, No. 3:19-CR-71 JD, 2021 WL 4860170, at *3 (N.D. Ind. Oct. 19, 2021). This Court joins that chorus and holds the same. Accordingly, Smith's risk of exposure to COVID-19 at FCI Hazelton is low and will continue to decline as even more staff and inmates are vaccinated and receive booster shots. The Court, therefore, concludes that Smith has not established extraordinary and compelling reasons to reduce his sentence.

    **B.   Sentencing Factors Under 18 U.S.C. § 3553(a)**

Even if extraordinary and compelling circumstances existed, the 18 U.S.C. § 3553(a) sentencing factors weigh against Smith's

---

[5] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 21, 2022).
[6] See https://www.bop.gov/coronavirus/ (last visited October 21, 2022).

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

release.  See High, 997 F.3d at 186 ("In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.").

Under 18 U.S.C. § 3553(a), the Court must impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing.  The relevant considerations include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime.  Id.

After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the Court finds that they do not support a reduction of Smith's sentence to time served.  As discussed above, Smith was convicted of Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and Cocaine Base (Count 1); Possession of a Firearm by a Convicted Felon (Count 5); Possession of a Firearm by a Convicted Felon (Count 44); Unlawful Use, Carry, and Brandish of a Firearm in Relation to a Drug Trafficking Crime, Aiding and

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

Abetting (Count 39); Distribution of Cocaine Base (Count 40); Distribution of Cocaine Base (Count 41); Forcibly Assault, Resist, Oppose, Impede, Intimidate, and Interfere with an Officer, Aiding and Abetting (Count 45); and Unlawful Use, Carry, and Brandish of a Firearm During and in Relation to a Drug Trafficking Crime (Count 46).

As the Government points out, Smith's criminal history began in 1992 with a domestic battery conviction. Smith is currently serving a 504-month sentence for distributing and conspiring to distribute crack cocaine, and use of a firearm to further his drug-related activity. His relevant conduct involved over 500 kilograms of crack cocaine. In his second § 924(c) conviction, Smith placed the barrel of a pistol under the chin of an undercover officer. This case is Smith's second federal case resulting in at least one felony drug conviction; his first felony drug conviction was in 1992. The Court finds Smith's criminal history to be dangerous and disturbing.

The Court finds that the § 3553(a) factors weigh against Smith's early release. Releasing Smith from prison early would not serve the statutory purposes of sentencing. Specifically, releasing Smith would not reflect the seriousness of the offense conduct, promote respect for the law, deter criminal conduct, or

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

protect the public from future crime. Fourteen years remain on his sentence. While the Court commends Smith's efforts at education and rehabilitation, these efforts do not outweigh the other factors.

The Court declines Smith's invitation to find that Smith's sentence should be reduced based on the amendments to § 924(c). Congress specifically declined to make the changes retroactive. Even if the Court were to consider the changes to § 924(c) and apply them to Smith, they would not overcome the Court's finding that § 3553(a) factors weigh against a sentence reduction.

## VI.   CONCLUSION

Smith has failed to establish extraordinary and compelling circumstances, and the sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. For the reasons discussed above, Smith's renewed motion for compassionate release is **DENIED** [ECF No. 1585]; given the filing of a renewed motion, Smith's pro se motion is **DENIED AS MOOT** [ECF No. 1570]; the R&R is **REJECTED** [ECF No. 1593]; and the motion for a status conference is **DENIED** [ECF No. 1604].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Smith via

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

certified mail, return receipt requested.

    DATED: October 21, 2022

*Tom S Kleeh*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA