IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                     CRIMINAL NO. 2:00-CR-07-1
                                                  (KLEEH)

**RICHARD ALLEN SMITH,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

---

Pending before the Court are multiple motions for compassionate release and a Report and Recommendation ("R&R") by the Magistrate Judge that Defendant Richard Smith ("Smith") be granted early release. For the reasons discussed herein, the Court **REJECTS** the R&R and **DENIES** the motions.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Smith is incarcerated at FCI Hazelton with a projected release date of April 9, 2036. On May 11, 2001, after a jury trial, Smith was convicted of eight counts of a Superseding Indictment charging him and others with distribution of crack cocaine in and around Keyser, West Virginia. Specifically, Smith was found guilty of the following:

- Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and Cocaine Base (Count 1);

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

- Possession of a Firearm by a Convicted Felon (Count 5);

- Unlawful Use, Carry, and Brandish of a Firearm in Relation to a Drug Trafficking Crime, Aiding and Abetting (Count 39);

- Distribution of Cocaine Base (Count 40);

- Distribution of Cocaine Base (Count 41);

- Possession of a Firearm by a Convicted Felon (Count 44);

- Forcibly Assault, Resist, Oppose, Impede, Intimidate, and Interfere with an Officer, Aiding and Abetting (Count 45); and

- Unlawful Use, Carry, and Brandish of a Firearm During and in Relation to a Drug Trafficking Crime (Count 46).

On March 14, 2002, Smith was sentenced to a period of incarceration of 646 months. On November 3, 2009, the Court reduced his sentence pursuant to Section 1B1.1 of the United States Sentencing Guidelines ("USSG") to a new total sentence of 624 months. In May 2019, without Government opposition, the Court reduced Smith's sentence by 120 months pursuant to the First Step Act of 2018, entering an Amended Judgment and sentencing him to a period of incarceration of 504 months.[1]

On January 2, 2020, Smith filed a pro se motion to reduce his

---

[1] Counts 1, 4, and 41 were affected by the First Step Act.

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

---

sentence again under the First Step Act, which has been fully briefed and remains pending.[2]  On April 14, 2020, Smith filed another pro se motion for release from custody due to the COVID-19 pandemic, which the Court denied for failure to exhaust his administrative remedies.  See ECF Nos. 1577, 1578.  On June 16, 2020, counsel for Smith noticed an appearance.  See ECF No. 1581.  On July 15, 2020, Smith, by counsel, filed a renewed motion for compassionate release, which is fully briefed and remains pending.[3]

On November 25, 2020, United States Magistrate Judge Michael J. Aloi entered an R&R, recommending that the renewed motion for compassionate release be granted.  See ECF No. 1593.  The Government filed objections, and Smith filed a response to the objections.  See ECF Nos. 1594, 1595.  Smith filed multiple "status updates" after the R&R was entered.  See ECF Nos. 1596, 1597, 1602.

On October 21, 2022, the Court issued its Memorandum Opinion and Order Rejecting Report and Recommendation and Denying Motions for Compassionate Release [ECF No. 1611].  In it, the Court found that extraordinary and compelling circumstances did not exist, and even if they did, the factors under 18 U.S.C. § 3553(a) weighed against early release.  On November 15, 2023, the United States

---

[2] This motion was not related to the COVID-19 pandemic.  The briefs are docketed at ECF Nos. 1570, 1572, 1575, and 1576.
[3] The briefs are docketed at ECF Nos. 1584, 1585, 1590, 1591, and 1592.

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

Court of Appeals for the Fourth Circuit vacated the Memorandum Opinion and Order and remanded the case for further proceedings. The Fourth Circuit found that the Court "failed to set forth enough to show that it considered [Smith's] arguments and had a reasoned basis for exercising its own legal decisionmaking authority." In light of Smith's presentation of a significant amount of post-sentencing mitigation evidence, the Fourth Circuit found that this Court needed to provide a more "robust explanation" for finding that the mitigation evidence was outweighed by other factors. The Fourth Circuit also noted several factual errors in the Memorandum Opinion and Order.

After the mandate issued, counsel for Defendant submitted supplemental authority [ECF No. 1631], to which the Government filed a response [ECF No. 1633].

## II.  ARGUMENTS BY THE PARTIES

In Smith's January 2020 motion for compassionate release, he argued that he should be resentenced due to the First Step Act's clarification of the "stacking" provision in 18 U.S.C. § 924(c). Since the filing of that motion, it appears that the parties now agree that the amendments to § 924(c)(a)(C) are not retroactive. Smith (as described above) already received a sentence reduction under the First Step Act when the Court reduced his sentence from

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

624 months to 504 months. Still, Smith, by counsel, believes that the Court should take the statutory changes into consideration when analyzing whether compassionate release is appropriate. The Government disagrees.

Throughout the numerous briefs that have been filed, Smith argues that extraordinary and compelling reasons for early release have been presented by the COVID-19 pandemic. Smith, who was 66 years old at the time he filed his renewed motion for compassionate release, argues that he suffers from coal workers' pneumonoconiosis ("Black Lung Disease") resulting from his 18 years of service as a coal miner; COPD; emphysema; pre-diabetes; a cyst on his liver; and symptoms of "prolonged QT syndrome." Further, he is totally disabled and a portion of his right lung has been removed. He argues that his health conditions put him at high risk of severe illness or death if exposed to COVID-19.

Smith further argues that the § 3553(a) factors weigh in favor of his release. He states that he has completed over 30 classes while incarcerated, he has served a significant portion of his sentence, he is no longer a danger to society, his age makes him low risk of recidivism, and he can live with his family upon release. And, of course, Smith believes that the Court should take the changes to § 924(c) into consideration.

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

The Government opposes Smith's early release. The Government argues that Smith is dangerous and the § 3553(a) factors weigh against his early release. It also argues that Smith has not been a model inmate; in 2018, he was disciplined twice for being "insolent." The Government believes that the Court should not consider the First Step Act's changes to § 924(c)'s sentencing structure because Congress did not make those changes retroactive.

### III. REPORT AND RECOMMENDATION

On November 25, 2020, the Magistrate Judge entered an R&R recommending that the Court grant the renewed motion for compassionate release. The Magistrate Judge found that Smith's serious medical conditions, standing alone and in light of COVID-19, serve as extraordinary and compelling bases for compassionate release. He also found that Smith does not pose a danger to any other person or the community, considering his age, diminished physical health, and significant rehabilitative efforts while incarcerated. Finally, the Magistrate Judge found that the § 3553(a) factors weigh in favor of his release. He also found that the changes to § 924(c) were a valid consideration for the Court, noting that Smith "would have served the bulk of – or perhaps the entirety of – such a sentence had it been imposed under current standards."

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

### IV.   OBJECTIONS AND ADDITIONAL FILINGS

The Government filed objections to the R&R, arguing again that Smith is dangerous and the § 3553 factors weigh against his early release.  In Smith's response to the objections, he argues that the objections should be overruled because they are too general for consideration.  Further, Smith argues that the Magistrate Judge's analysis was correct, that the other § 3553(a) factors outweigh the seriousness of the offense, and that the court can consider the First Step Act's changes to sentencing law under § 924(c) in granting a motion for compassionate release.

On January 5, 2021, Smith filed an "Emergency Status Update" indicating that there was a COVID-19 outbreak at FCI Hazelton and Smith had contracted COVID-19.  On May 5, 2021, Smith updated the Court that he had received both doses of the vaccine.  Still, Smith reported concerns that fellow inmates were not taking sufficient steps to curb the spread of the virus.  Despite concerns about fellow inmates, Smith reported that prison staff had improved its compliance with COVID-19 protocols.  Despite stating that he "did not suffer a severe course of the disease," Smith argued that he remains at heightened risk for serious and life-threatening complications. On October 18, 2021, Smith filed another "Emergency Status Update."  In this update, Smith stated that his health had

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

been in decline and that he would receive better medical care outside of FCI Hazelton.

In Smith's supplement following remand from the Fourth Circuit [ECF No. 1631], with respect to the § 3553(a) factors, he argues that his prior criminal history was minimal and substantially dated. He argues that the nature and circumstances of the offense, along with his history and characteristics, weigh in favor of release. He argues that the offense conduct was serious, but not serious enough to stack the § 924(c) convictions. He argues that he poses no criminal threat to the public today. In the Government's response, it argues that the offense conduct and Smith's criminal history weigh against release.

### V.   DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies.[4] See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Smith filed a motion pro se and a renewed motion by counsel. The BOP has not filed a motion on his behalf. For the reasons discussed herein, even assuming that extraordinary and compelling circumstances exist, the § 3553(a) factors weigh against his release.

    **A.   Extraordinary and Compelling Circumstances**

In the Government's response to Smith's supplemental authority, it appears to concede that extraordinary and compelling circumstances exist. Accordingly, this question is not in issue

---

[4] A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement). The Government has not raised the issue of exhaustion, so the Court will not address it.

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

and the Court agrees. Still, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) weigh against Defendant's early release.

### B.    Sentencing Factors Under 18 U.S.C. § 3553(a)

Even if extraordinary and compelling circumstances exist, the 18 U.S.C. § 3553(a) sentencing factors weigh against Smith's release. See High, 997 F.3d at 186 ("In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.").

Under 18 U.S.C. § 3553(a), the Court must impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. The relevant considerations include the nature and circumstances of the offense and the defendant's history and characteristics. The Court also considers whether the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, deters criminal conduct, protects the public from future crimes of the defendant, and provides the defendant with needed educational or vocational

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

training, medical care, or other correctional treatment in the most effective manner. The Court further considers the kinds of sentences available, the applicable sentencing guideline range, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims.

After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the Court finds that they do not support a reduction of Smith's sentence to time served. As discussed above, Smith was convicted of **eight** felony offenses in this case: Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and Cocaine Base (Count 1); Possession of a Firearm by a Convicted Felon (Count 5); Unlawful Use, Carry, and Brandish of a Firearm in Relation to a Drug Trafficking Crime, Aiding and Abetting (Count 39); Distribution of Cocaine Base (Count 40); Distribution of Cocaine Base (Count 41); Possession of a Firearm by a Convicted Felon (Count 44); Forcibly Assault, Resist, Oppose, Impede, Intimidate, and Interfere with an Officer, Aiding and Abetting (Count 45); and Unlawful Use, Carry, and Brandish of a Firearm During and in Relation to a Drug Trafficking Crime (Count 46).

Smith's criminal history began in 1992 with a felony drug conviction, and he was also previously convicted of domestic

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

battery. Smith is currently serving a 504-month sentence for distributing and conspiring to distribute crack cocaine, and use of a firearm to further his drug-related activity. His relevant conduct in this case involved 677 grams of crack cocaine and 8 firearms, including one with an obliterated serial number. The sentencing court adopted the PSR's factual findings when it imposed the sentence. See Statement of Reasons, ECF No. 778-1. The PSR indicates that in committing the § 924(c) offense charged in Count 39, Smith held a gun while a co-conspirator searched a confidential informant for a wire. See PSR, ECF No. 764, at 11. Three months later, Smith committed the offense charged in Count 45 by placing the barrel of a gun under the chin of a man who was, in fact, an undercover police officer. See id. This conduct also formed the basis of the § 924(c) offense charged in Count 46. All of this occurred when Smith was already a convicted felon prohibited from possessing firearms.

Smith's total drug relevant conduct was found to be 677 grams of cocaine base. See id. That estimate, however, was low. The probation officer stated that he "used a conservative approach in estimating the amount of cocaine base attributable to the defendant from the testimony developed at trial." See id. at 8. "For example, the probation officer consistently used the lesser

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION AND
DENYING MOTIONS FOR COMPASSIONATE RELEASE**

quantities or frequencies as testified to at trial, such as, when a particular witness testified that he or she dealt with the defendant on two or three occasions, obtaining $50.00 to $100.00 worth of cocaine base, the probation officer used two occasions at a $50.00 purchase for each occasion." See id.  In addition, the sentencing court did not account for trial testimony from lay witnesses who described "golf ball" quantities of cocaine base because the court had no way to assign a specific weight to such testimony.  Id.  Further, no amount of cocaine base was attributed to Smith for witness testimony that an amount of cocaine powder was converted to cocaine base by the defendant.  Id.

Given Smith's previous domestic battery conviction and prior felony drug conviction, the Court is deeply troubled that Smith proceeded to engage in the offense conduct here.  The Court finds Smith's criminal history, along with the facts of this case, to be dangerous and disturbing.  Releasing Smith would not reflect the seriousness of the offense conduct, promote respect for the law, provide just punishment for the offense, or deter criminal conduct.

While the Court commends Smith's efforts at education and rehabilitation, his efforts do not outweigh the horrific offense conduct at issue and Smith's criminal history.  The Court has considered all of the § 3553(a) factors discussed above.  Even if

Case 2:00-cr-00007-TSK   Document 1634   Filed 07/16/24   Page 14 of 15   PageID #: 9773

USA V. SMITH                                                    2:00-CR-07-1

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

all other factors weigh in favor of release, they are outweighed by the need for the sentence to reflect the seriousness of the offense conduct, promote respect for the law, provide just punishment for the offense, and deter criminal conduct. To the extent Smith argues that his criminal history is minimal and substantially dated, the Court notes that the domestic violence case is from the year 2000, which is the same year his federal case was filed. He has been in federal custody since April 4, 2000. The Court has considered all of Smith's arguments and all of his detailed rehabilitation efforts. After considering all of these things, the Court is satisfied that early release would not satisfy the purposes of sentencing, given the shocking offense conduct in this case, his troubling criminal history, and his <u>eight</u> felony counts of conviction in this case.

The Court declines Smith's invitation to find that his sentence should be reduced based on the amendments to § 924(c). Congress specifically declined to make the changes retroactive. Even if the Court were to consider the changes to § 924(c) and apply them to Smith, they would not overcome the Court's finding that § 3553(a) factors weigh against a sentence reduction.

### VI.   <u>CONCLUSION</u>

Even if extraordinary and compelling circumstances exist, the

**MEMORANDUM OPINION AND ORDER**
**REJECTING REPORT AND RECOMMENDATION AND**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE**

sentencing factors under 18 U.S.C. § 3553(a) weigh against Smith's release. For the reasons discussed above, Smith's renewed motion for compassionate release is **DENIED** [ECF No. 1585]; given the filing of a renewed motion, Smith's pro se motion is **DENIED AS MOOT** [ECF No. 1570]; the R&R is **REJECTED** [ECF No. 1593]; and the motion for a status conference is **DENIED** [ECF No. 1604].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Smith via certified mail, return receipt requested.

DATED: July 16, 2024

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA